UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ERVIN JOSEPH LAMIE, JR.,                )
                                        )
                    Plaintiff,          )          Case No. 1:12-cv-201
                                        )
v.                                      )          Honorable Paul L. Maloney
                                        )
GREG SMITH, et al.,                     )
                                        )          **REPORT AND RECOMMENDATION**
                    Defendants.         )
_____)

This is a civil action involving real estate.  Jurisdiction is predicated on complete diversity of citizenship and requisite amount in controversy.  28 U.S.C. § 1332(a).  The parties are all related to each other by blood or marriage, and each party is appearing *in pro per*.  The pleadings, motions, and briefs filed in this case are typically unclear and filled with irrelevant assertions and personal attacks on the opposing parties.  The general contours of the case, as far as can be reasonably determined from the *pro se* filings, are summarized below.

Plaintiff, Ervin Joseph LaMie, Jr., is a resident of Fruitport, Michigan.  Defendants Greg and Pamela Sue Smith, husband and wife, reside in Dyersburg, Tennessee, as does defendant Muriel LaMie.  Muriel LaMie is plaintiff's mother, and Pamela Sue Smith is his sister.  The subject matter of the case involves two parcels of real property located in Ottawa County, commonly known as 11401 Taft Road, Nunica, Michigan, as well as numerous items of personal property contained therein.

Plaintiff alleges that on or about August 22, 2008, he entered into an option contract to purchase both parcels of property from his parents, Ervin J. LaMie, Sr. and Muriel D. LaMie, the fee owners.  Plaintiff alleges that in September 2009, defendants Pamela Sue and Greg Smith filed a quit claim deed purportedly conveying the real estate to Pamela Sue Smith.  Plaintiff challenges this transaction as fraudulent and done with the intent to defeat his rights under the option to purchase.  Count 1 of the complaint purports to state a claim for waste under Michigan law, arising from the dumping of used tires and other debris on the real estate.  Count 2 alleges wrongful eviction and conversion, asserting that the defendants evicted plaintiff from the land before the expiration of his option and wrongfully removed numerous items of personal and business property.  Count 3 asserts the intentional infliction of emotional distress.

Defendants have filed answers and counterclaims.  The counterclaims assert that the option to purchase real estate claimed by plaintiff is fraudulent.  They also assert that plaintiff is guilty of misappropriation of property and harassment.

Presently pending before the court are two motions.  The first is defendants' motion to dismiss (docket # 9), asserting the defense of *res judicata*.  By supplemental motion (docket # 17), defendants assert that defendant Muriel LaMie is incompetent and subject to a state-court conservatorship and should not be sued in her own name.  The second is plaintiff's motion to strike all of defendants' filings and to enter a default judgment against them.  (docket # 35).  By order of reference entered May 10, 2012, Chief Judge Paul Maloney referred this case to me for all pretrial purposes, including submission of recommendations on dispositive motions under 28 U.S.C. § 636(b)(1)(B).  Upon review of the pending motions, I conclude that neither the first motion to dismiss nor the motion to strike is meritorious and recommend that they be denied.  I conclude that

the objection to suit against Muriel LaMie is meritorious, as she is apparently subject to state conservatorship proceedings.

## **Discussion**

### I.     **Defendants' Motion to Dismiss on Res Judicata Grounds**

Defendants have moved to dismiss this action on the basis of *res judicata*.  The *res judicata* defense comprehends two separate concepts:  claim preclusion and issue preclusion.  Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or should have been raised in that action.  *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981).  Issue preclusion bars relitigation of an issue when the identical issue was raised and actually litigated in a prior proceeding, the determination of the issue was necessary to the outcome, the prior proceeding resulted in a final judgment on the merits, and the party against whom issue preclusion is sought had a full and fair opportunity to litigate.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984).  Where, as here, the prior judgment was rendered in a state court,[1] the federal court must give to the state-court judgment the same preclusive effect as the judgment would have been given under the law of the state in which the judgment was rendered, by virtue of the Full Faith in Credit Act, 28 U.S.C. § 1738.  *See Migra*, 465 U.S. at 81.

---

[1] Plaintiff also brought a previous lawsuit in this court, *Ervin LaMie v. Greg Smith, et al.*, 1:12-cv-142.  By order entered February 22, 2012, Judge Maloney dismissed that case for lack of subject-matter jurisdiction, because of the naming of a non-diverse defendant.  The preclusive effect of that judgment is governed by federal law.  A dismissal of a federal lawsuit for lack of subject-matter jurisdiction is not on the merits and has no preclusive effect.  FED. R. CIV. P. 41(b); *see Intera Corp. v. Henderson*, 428 F.3d 605, 620-21 (6th Cir. 2005).  Plaintiff then brought the instant action, *sans* the non-diverse defendant.

As the previous judgments asserted by defendants were entered in the state courts of Michigan, Michigan law governs their preclusive effect. Michigan law recognizes claim preclusion to bar an action if (1) there was a prior final decision on the merits; (2) the parties in both actions are the same; and (3) allegations in the second case were or could have been resolved in the first case. *Adair v. State of Michigan*, 680 N.W.2d 386, 396-98 (Mich. 2004). For issue preclusion, or collateral estoppel, to apply, three elements must be satisfied:  (1) a question of fact essential the judgment must have actually been litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004). The existence of a final judgment on the merits is necessary for either claim preclusion or issue preclusion.

After defendants moved to dismiss on grounds of *res judicata*, the court ordered them to submit the complaint, final judgment, and any opinion, verdict, or transcript containing the substance of the court's ruling in the case of *Ervin Joseph LaMie, Jr. v. Greg Smith, et al.*, case no. 11-02489-CH, the Ottawa County Circuit Court case mentioned in defendants' motion. (Order to Supplement Record, docket # 22). Defendants submitted several documents from that case, accompanied by an affidavit attesting that the documents are true copies of the originals. (docket # 34).[2] Plaintiff has responded to the motion to dismiss and has provided copies of court papers from

---

[2] Plaintiff objects to the affidavit filed by defendants (docket # 34) attesting to the authenticity of the court records attached to the affidavit. Plaintiff improperly assumes that court records can only be authenticated by the Clerk of the Court. Authentication merely requires testimony sufficient to support a finding that the item is what the proponent claims it to be. FED. R. EVID. 901(a). As parties to the previous cases, defendants are able to authenticate copies of documents filed in that case. Nothing further is required, nor has plaintiff contested the content of any court document submitted by defendants.

other state-court actions (docket # 39 and attachments).  The documents now before the court disclose that this family has indeed been embroiled in numerous lawsuits involving the 11401 Taft Road property:

- *Muskegon County Probate Court Conservatorship*.  Muriel LaMie is subject to a conservatorship proceeding in the Muskegon County Probate Court, initiated in 2008. *Matter of Muriel LaMie*, case no. 08-84570-CA.  Her husband Ervin LaMie, Sr. was placed into conservatorship in a related case.  Probate Judge Neil Mullally is presiding over both cases.  Plaintiff was appointed as conservator for his parents, but by order entered September 17, 2009, Judge Mullally removed plaintiff and appointed P.W. Services as conservator for Muriel and Ervin LaMie, Sr.  (docket # 40, ID#s 761-62).  On September 8, 2011, Judge Mullally denied a motion by plaintiff to remove the conservator.  (docket # 40-2, ID# 770).  The record in this case does not disclose the entry of any final order in the conservatorship proceeding.

- *P.W. Services, Inc. as conservator for Ervin and Muriel LaMie v. Pamela Sue Smith*, file no. 10-02105-CH (Ottawa County Circuit Court).  By complaint dated November 2, 2010, the conservator for Muriel and Ervin LaMie, Sr. brought suit against defendant Pamela Sue Smith, seeking to quiet title in the 11401 Taft Road property (Compl., docket # 39-5,  ID# 754-55).  The complaint alleged that on September 29, 2010, Pamela Sue Smith recorded a quit claim deed, purporting to convey the subject property to her.  The complaint alleged that the transaction (which took place long after the appointment of the conservator) was not authorized by the conservator and was not done in the best interests of the incapacitated persons.  The complaint sought

a judgment quieting title in fee simple to Muriel and Ervin LaMie, Sr.  The complaint also sought damages for conversion.  The record does not disclose the ultimate disposition of this case.

- *Ervin J. LaMie, Jr. v. The Mortgage House, Inc., et al.*, case no. 11-02214-CH (Ottawa County Circuit Court).  In the year 2011, plaintiff brought suit against Greg Smith, Pamela Sue Smith, P.W. Services, Inc. (the conservator for his parents), and other defendants.  The record does not contain a copy of the complaint in that case, so the full scope of the issues involved is unclear.  On May 23, 2011, Circuit Judge Jon A. VanAllsburg entered an order of dismissal.  (docket # 39-3, ID#s 738-40).  The order was entered pursuant to an agreement placed on the record.  The order makes it clear that the validity of the option claimed by plaintiff to purchase certain real property (presumably 11401 Taft Road) was an issue in the case, but would be determined by Judge Mullally in the pending conservatorships:

> 2.     That the issue as to whether the Plaintiff has a valid option to purchase the real estate described in the Complaint shall be determined by the Honorable Neil Mullally, Muskegon County Probate Judge, in connection with the pending conservatorships concerning the present title owners of the subject property, such files being In the Matter of Ervin LaMie, Sr., Case No. 08-84568-CA and In the Matter of Muriel LaMie, Case No. 08-84570-CA.  Further, Plaintiff shall furnish copies of the purported option to purchase immediately to counsel for the parties in this file.

(Order of Dismissal, case no. 11-02214-CH (docket # 39-3, ID# 739, ¶ 2).  The order dismissed plaintiff's claims against Greg and Pamela Sue Smith *without prejudice*.  (*Id.*, ¶ 4, ID# 740).

- *Ervin Joseph LaMie, Jr. v. Greg Smith, et al.*, case no. 11-02489-CH (Ottawa County Circuit Court.  On August 22, 2011, plaintiff filed a complaint against a number of defendants, including Greg and Pamela Sue Smith and Muriel D. LaMie.  (Compl., docket # 34-1, ID#s 584-91).  The subject matter of the complaint was 11401 Taft Road, Nunica, and the allegations were substantially similar to the claims made in the present case.  Plaintiff alleged the existence of an option to purchase the real property and asserted that the quit claim deed filed by his sister and her husband was in derogation of his rights.  The complaint sought to quiet title to the property as well as damages for wrongful eviction and conversion of numerous items of personalty.  Plaintiff filed affidavits in support of the entry of a default against each defendant, on the basis of proofs of service showing that they were personally served in the State of Michigan.  (docket # 34-4, ID#s 644-49, 653-54).  On this basis, Circuit Judge Edward Post entered a final order for judgment dated November 14, 2011, awarding plaintiff over $400,000.00.  (docket # 34-4, ID#s 657-58).  Counsel for P.W. Services, Inc., conservator for Muriel and Ervin J. LaMie, Sr., moved to set aside the judgment on the ground that these defendants had not been served with process. Counsel for Greg and Pamela Sue Smith filed a similar motion, asserting that they were not in the State of Michigan at the time when they were allegedly served.  By order entered December 16, 2011, Judge Post set aside the judgment and ordered that the claims against all defendants be dismissed without prejudice.  (Order, docket # 34-2, ID#s 593-94).

On January 30, 2012, counsel for the conservator filed a motion to hold plaintiff in contempt of court on two grounds. (Motion, docket # 34-4, ID#s 607-16). First, the motion recited that on December 21, 2011, plaintiff recorded a lis pendens regarding the 11401 Taft Road property, allegedly in defiance of an order entered by Judge Post canceling a previous lis pendens. Second, the conservator sought sanctions against plaintiff and his alleged confederates for submitting fraudulent proofs of service showing that defendants had been served personally with a copy of the summons and complaint. Judge Post held a hearing on the motion for contempt citation and sanctions and entered an order dated February 13, 2012. (docket # 34-2, ID#s 596-97). The order canceled plaintiff's notice of lis pendens and enjoined him from filing or recording any notice of lis pendens relating to the real property at 11401 Taft Road. The order further restrained plaintiff "from the filing of any claims or pleadings, in any Ottawa County Circuit Court, relating to or arising from or incidental to the subject matter of this action." Finally, the order imposed attorney's fees in the amount of $4,275.00 in favor of P.W. Services and $500.00 in favor of Greg and Pamela Sue Smith, against plaintiff. Plaintiff filed objections to the form of the order, but the present record does not indicate the fate of those objections. On March 5, 2012, Judge Post found plaintiff in contempt of court and sentenced him to 30 days in jail, suspended. (docket # 34-3, ID# 603, 605).

As noted, Michigan law requires, as a prerequisite to both claim and issue preclusion, that the previous litigation have ended with an adjudication on the merits. The record does not support a finding that any of the previous cases was resolved on the merits. Both *LaMie v. The*

*Mortgage House, Inc.*, case no. 11-02214-CH, and *LaMie v. Greg Smith, et al.*, case no. 11-02489-CH, were dismissed without prejudice.  Under Michigan law, a dismissal without prejudice is not an adjudication on the merits and thus *res judicata* is not applicable.  *See The Mabel Cleary Trust v. The Edward-Marlah  Muzyl Trust*, 686 N.W.2d 770, 787 (Mich. Ct. App. 2004); *Yeo v. State Farm Fire & Cas. Ins. Co.*, 618 N.W.2d 916 (Mich. Ct. App. 2000).  According to the order of dismissal in *LaMie v. The Mortgage House*, the issue of the validity of plaintiff's option to purchase real estate was to be determined by Judge Mullally in the conservatorship proceedings.  (*See* docket # 39-3, ID# 739, ¶ 2).  If Judge Mullally did indeed determine the validity of the option in a final judgment, that judgment would be entitled to preclusive effect in the present case.  The record, however, contains no probate court judgment or order adjudicating this issue.  Unless and until such an order is provided, the conservatorship proceedings will not have *res judicata* effect in this court.

In summary, the record does not disclose that any of the previous lawsuits between these parties was decided on its merits.  Thus, defendants' motion to dismiss on the ground of *res judicata* should be denied.

## II.  Claim Against Muriel LaMie

In the supplement to their motion to dismiss, defendants object to suit against defendant Muriel LaMie, who is subject to a state-law conservatorship.  This is a challenge to Mrs. LaMie's capacity to be sued.  The federal rules state that capacity to sue or be sued, in the case of an individual, is determined by the law of the state where the court is located.  FED. R. CIV. P. 17(b)(3).  Thus, the propriety of a lawsuit against an individual who is subject to a conservatorship is to be governed by the law of the State of Michigan.

Michigan law empowers the probate court to appoint a conservator for a person who is unable to manage her own property and business affairs on account of mental illness or deficiency, physical illness, or other disability. MICH. COMP. LAWS § 700.5401(3)(a). Once appointed, the conservator has all the powers over the estate and business affairs of the person that could be exercised by an individual not under disability, except the making of a will. MICH. COMP. LAWS § 700.5407(2)(c). Under Michigan law, neither minors nor incompetents can sue or be sued on their own. *See Klida v. Braman*, 748 N.W.2d 244, 251 (Mich. Ct. App. 2008). Michigan law provides that if an incompetent person has a conservator, actions "must be defended by the conservator on behalf" of the incompetent person. MICH. CT. R. 2.201(E)(1)(a). In turn, federal law provides that a conservator may defend on behalf of an incompetent person. FED. R. CIV. P. 17(c)(1)(C).

Taken together, these provisions require that an incompetent person who already has a state-court conservator be sued through the conservator in his or its representative capacity. Lack of capacity to sue or be sued, however, is not a jurisdictional defect. *See Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at * 10 (N.D. Cal. Aug. 26, 2008). The appropriate remedy is not dismissal of the case, but a modification of the caption to reflect that P.W. Services, Inc. is sued as conservator for Muriel LaMie, an incapacitated person. Summons should issue for P.W. Services, to bring that entity properly before the court.

### III.   Motion to Strike and for Entry of Judgment

On May 7, 2012, Chief Judge Maloney entered an order denying plaintiff's motion for the entry of a default judgment. (Order, docket # 19). Judge Maloney noted that defendants had not included a certificate of service with any of their previous filings, as required by Fed. R. Civ. P.

5(d).  The order directed that all parties must serve all previously filed documents on all other parties and submit a proof of service.  Within one week thereafter, defendants filed nine proofs of service (docket #s 24-32) attesting that they served on plaintiff their answer to the complaint, their stipulation to non-jury trial, their counterclaim, their motion to dismiss, their supplement to the motion to dismiss, and other documents.

On June 4, 2012, plaintiff filed his motion to strike, asserting that the defendants had not complied with this court's order.  Specifically, the motion to strike says that as of May 26, 2012, "the Defendants had not submitted any documents or proof of service or anything to the plaintiff pursuant to the May 7 court order."  (Motion, ¶ 6, docket # 35, ID# 683).  This statement is demonstrably untrue, as the court's docket sheet reflects the filing of proofs of service, as required by Judge Maloney's previous order.  Plaintiff admits that he has access to the PACER system, so in the exercise of reasonable diligence, he should have known that his accusation was false.  In response to an earlier request by plaintiff to the Clerk for entry of default, defendants provided a lengthy response, asserting that they indeed had served a copy of all papers on plaintiff by mail. (docket # 23).  Defendants asked that plaintiff be imprisoned for fraud.  (*Id.* at ID# 525).  Clearly, the accusations and counter-accusations by these *pro se* parties are out of control.  All parties must realize that the federal court is not a forum for the airing of acrimony among feuding family members.

The assertions in plaintiff's motion to strike are either false or irrelevant.  Plaintiff has not established grounds for the entry of a default judgment against any defendant.  His motion should be denied.

-11-

**Recommended Disposition**

For the foregoing reasons, I recommend that (1) defendants' motion to dismiss on the ground of *res judicata* (docket # 9) be denied; (2) defendants' supplemental motion to dismiss (docket # 17) be denied, but that the caption should be amended to include "P.W. Services, Inc. as Conservator for Muriel LaMie" in lieu of Muriel LaMie, with summons to issue; and (3) plaintiff's motion to strike and for entry of a default judgment (docket # 35) be denied.

Dated:   June 12, 2012                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).