UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN J. LAMIE, | ) |
| Plaintiff, | ) Case No. 1:12-cv-201 |
| v. | ) Honorable Paul L. Maloney |
| GREG SMITH, et al., | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

This was a civil action brought by a *pro se* plaintiff against his mother, sister, and brother-in-law. The subject-matter of the case involved rights in real estate formerly owned by plaintiff's parents. By judgment entered March 6, 2013, this court granted a summary judgment for all defendants on the ground of claim preclusion, on the basis of a previous judgment of the Muskegon County Probate Court. The court also awarded sanctions against plaintiff to deter his continued abuse of the privilege of proceeding *in forma pauperis*. Plaintiff has now filed a notice of appeal, accompanied by a motion for leave to appeal *in forma pauperis*.

Under Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, a party who has proceeded *in forma paupers* in the district court is entitled to pauper status without further authorization on appeal, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding. FED. R. APP. P. 24(a)(3)(A); *see Callihan v. Schneider*, 178

F.3d 800, 803 (6th Cir. 1999). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets these standards. *Callihan*, 178 F.3d at 803. Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure and section 1915(a)(3) establish an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Klinge v. VandeCar*, No. 1:13-cv-213, 2013 WL 754437, at * 3 (W.D. Mich. Feb. 27, 2013); *Brewster v. Wells Fargo Bank, N.A.*, No. 11-1232, 2012 WL 4024749, at * 5 (W.D. Tenn. Sept. 12, 2012). In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993). Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by plaintiff identifying the issues the party intends to present on appeal which support his belief that he is a person entitled to redress. FED. R. APP. P. 24(a)(1)(B), (C); 28 U.S.C. § 1915(a)(1). This is designed to assist courts in the process of determining whether an appeal is taken in good faith. *See, e.g., Callihan*, 178 F.3d at 803 ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal."); *Overton v. I.R.S.*, 23 F. App'x 962, 963 (10th Cir. 2001); *Powell v. Alcoa High Sch.*, No. 3:10-cv-212, 2010 WL 3087387, at * 2 (E.D. Tenn. Aug. 5, 2010); *Ferguson v. Commissioner*, No. 1:07-cv-247, 2008 WL 696610, at * 1 (W.D. Mar. 13, 2008).

Plaintiff has filed an affidavit of financial status (docket # 163), but has not submitted an affidavit identifying a meritorious ground for appeal. This failure, standing alone, is sufficient to deny *in forma pauperis* status on appeal. *See Flippin v. Massey*, 86 F. App'x 896 (6th Cir. 2004);

*Kahn v. General Motors Corp.*, No. 04-cv-73044, 2013 WL 979435, at * 2 (E.D. Mich. Mar. 13, 2013); *Ferguson*, 2008 WL 696610, at * 1.  Beyond that, the record is devoid of any indication that this court's judgment was in error, or that the award of sanctions was an abuse of discretion.  After losing in probate court, plaintiff filed an abusive, duplicative action in state circuit court.  That court enjoined further re-litigation in the state courts and imposed a monetary sanction.  Plaintiff ignored both the injunction and the monetary sanctions, filing the present action within days.  Enough is enough.  Plaintiff has not demonstrated any colorable merit, and the court concludes that review of this matter on appeal would be a waste of the valuable resources of the Court of Appeals.  Accordingly:

       IT IS ORDERED that plaintiff's motion for leave to appeal *in forma pauperis* (docket # 163) be and hereby is DENIED, the court certifying that the appeal is not taken in good faith.


Dated:   March 19, 2013                   /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                       Chief United States District Judge